

**FILED**

FEB 0 6 2012

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.) STACEY LEON WARD, | ) |
| Plaintiff, | ) **12 CV - 0 4 6 GKF TLW** |
| v. | ) Case No. |
| | ) State Case No. CJ-2012-286 |
| 2.) AETNA LIFE INSURANCE COMPANY | ) District Court of Tulsa County |
| Defendant. | ) |

## NOTICE OF REMOVAL

TAKE NOTICE that Defendant removes this action from the District Court of Tulsa County to this Court pursuant to 28 U.S.C. § 1446(a). As grounds for removal, Defendant would show the Court as follows:

1. On January 17, 2012, Plaintiff filed a Petition in the District Court of Tulsa County, Oklahoma, captioned *Stacey Leon Ward v. Aetna Life Insurance Company*, Case No. CJ-2012-286 (the "state court action").

2. A copy of the Petition was thereafter forwarded to Defendant. True and correct copies of the Docket Sheet and the Petition in the state court action are attached hereto as Exhibit "A."

3. This action is one as to which this Court has original jurisdiction under 28 U.S.C. §1331, and which may be removed to this Court without regard to the citizenship of the parties under 28 U.S.C. § 1441, in that the Petition asserts claims for benefits under, and claims relating to the administration of benefits under, an employee welfare benefit plan as defined in and governed by the

{978014;}



Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). *See* 29 U.S.C. § 1002(1).

4. The Petition alleges that Plaintiff was an insured under a group life insurance policy issued by Defendant to the Tulsa Firefighters Health and Welfare Trust. The Trust was established by the International Association of Fire Fighters, Local 176, an "employee organization" as defined by ERISA, pursuant to a Trust Agreement. Copies of the group insurance policy, summary of coverage, and certificate of coverage are attached hereto as Exhibits "B," "C," and "D." The plan is not a governmental plan that may be exempt from ERISA. *See Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345 (10th Cir. 2009). Plaintiff seeks recovery of benefits thereunder, as well as other alleged damages. Because the Petition asserts claims for benefits under, and claims that involve the administration of, an ERISA-governed plan, which fall within ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), this cause raises a federal question and accordingly may be removed to this Court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

5. This Court also, in the alternative, has jurisdiction of this matter under 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is therefore removable to this Court pursuant to 28 U.S.C. §1441.

6. There is complete diversity in that Plaintiff is a citizen and resident of Tulsa County, Oklahoma. (Petition, ¶1). Defendant is an insurance company organized and existing under the laws of the state of Connecticut, which maintains its principal place of business in Hartford, Connecticut. *See* http://www.ok.gov/oid/documents/manual_report2010.pdf. According to the Petition, Plaintiff seeks the sum of $75,000 in alleged benefits. (Petition, ¶3). To the extent Plaintiff's claim is not

preempted by ERISA, and constitutes a claim for insurance benefits under Oklahoma law, pursuant to 36 OKLA. STAT. § 3629, if plaintiff prevails on a claim for insurance benefits, plaintiff is also entitled to an award of attorney's fees. *See* 36 OKLA. STAT. § 3629(B).

7. It is proper for the Court to consider attorneys fees awardable under 36 OKLA. STAT. § 3629(B) as part of the amount in controversy for purposes of removal jurisdiction. *See Lindley v. Life Investors Ins. Co. of America,* 2008 WL 4525423 (N.D. Okla. 2008) at *5. Because Plaintiff already seeks $75,000 in damages under the insurance contract (Petition, ¶3), an award of one (1) penny in attorney's fees would cause this matter to exceed $75,000 exclusive of interest and costs. As set forth in the accompanying Affidavit of Timothy A. Carney, an attorneys fee award here would without question exceed one (1) penny. Plaintiff has already incurred at least $1,000 in attorney's fees in having counsel review documents and file the Petition. (Affidavit of Timothy A. Carney, ¶¶ 3-5, Exhibit E hereto).

8. Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs, consisting of $75,000 in contractual damages, plus attorney's fees, which would be mandatory under 36 OKLA. STAT. § 3629(B). The jurisdictional requirements of 28 U.S.C. § 1332 are met and the case is properly removable under the Court's diversity jurisdiction.

9. This Notice of Removal is filed within thirty (30) days after receipt by Defendant of the Petition and Summons, and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

10. Written notice of the filing of this Notice of Removal will be given promptly to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Tulsa County, Oklahoma, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant removes this action to this Court and invoke this Court's jurisdiction.

Dated: February 6th, 2012.

Respectfully submitted,

_____
Timothy A. Carney, OBA No. 11784
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
(918) 595-4800
(918) 595-4995 Fax

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 6th, 2012, a true and correct copy of the foregoing has been served on all counsel of record, as listed below, by first class mail.

Tony Laizure
2417 E. Skelly Dr.
Tulsa, OK 74105

{978014;}

5

# Exh. A